The judgment of the United States Customs Court is *affirmed*.

UNITED STATES *v.* BARON TUBE CO., JOHN S. JAMES (No. 4995)[1]

[1] C.A.D. 730.

United States Court of Customs and Patent Appeals, January 6, 1960

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Alfred A. Taylor, Jr.*, and *Richard H. Welsh*, trial attorneys, of counsel), for the United States.
*Sharretts, Paley & Carter*, (*Joseph F. Donohue* of counsel) for appellees.

[Oral argument October 9, 1959, by Mr. Welsh and Mr. Donohue]

Before WORLEY, Chief Judge, and RICH, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK [2]

SMITH, Judge, delivered the opinion of the court:

The collector classified the merchandise at bar as steel tubes and liquidated the entry accordingly. Objecting to the collector's classification, the importer filed protest, claiming that the tubes should be classified as structural shapes. The Government here appeals from the judgment of the Customs Court, Second Division, sustaining the protest (see C.D. 2059) and holding that the tubes were structural shapes not advanced beyond rolling.

The pertinent portions of the Tariff Act of 1930 are:

*Assessed:* Paragraph 328, as modified by T.D. 51802:

Lap-welded, butt-welded, seamed, or jointed iron or steel tubes, pipes, flues, and stays, not thinner than sixty-five one-thousandths of one inch:

If not less than three-eighths of one inch in diameter_____ ⅜ cent per lb.
*Assessed:* Paragraph 328, as modified by T.D. 52373 and T.D. 52462:

Finished or unfinished iron or steel tubes not specially provided for:

\*      \*      \*      \*      \*      \*      \*

Other_____ 12½% ad. val.
*Claimed:* Paragraph 312, as modified by T.D. 52739:

Beams, girders, joists, angles, channels, car-truck channels, tees, columns and posts, or parts or sections of columns and posts, and deck and bulb beams, together with all other structural shapes of iron or steel:

Not assembled, manufactured or advanced beyond hammering, rolling, or casting_____ 0.1 cent per lb.
Machined, drilled, punched, assembled, fitted, fabricated for use, or otherwise advanced beyond hammering, rolling, or casting_____ 7½% ad val.

The importer's evidence establishes that the tubes in issue are made from hot-rolled steel strips which are subjected to three processing steps. First, they are rolled to cylindrical shapes with their longi-

[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell,* pursuant to the provisions of Title 28, United States Code, Section 294(d).

tudinal edges abutting in an open seam. Second, the abutting edges are united and the open seam is closed by a weld which fuses the metal at the abutting edge portions. Third, the rib resulting from the welding is removed.

The tubes in issue are formed from steel strips of a quality comparable to SAE 1010–1020, a low-carbon, mild steel. The tubes having diameters of one inch and seven-eighths of an inch have a wall thickness of 18 gauge. The tubes having diameters of three-fourths of an inch and one and one-fourth inches have a wall thickness of 16 gauge. The testimony establishes that such tubes can be used "as a steel member designed to carry maximum loads and resist maximum forces with the minimum use of material."

The testimony establishes also that while the chief use of such tubes is in the manufacture of furniture, the tubes also are used in the construction of scaffolds, access stands for aircraft maintenance, "A" frames for outdoor swings and towers for television receiving antennas. In such uses, the tubes are used as structural members.

Paragraph 312 as modified provides for certain listed structural shapes and all other structural shapes not advanced beyond "rolling, hammering or casting." It also provides for structural shapes "machined, drilled, punched, assembled, fitted, fabricated for use, or otherwise advanced beyond hammering, rolling, or casting." Paragraph 312 as modified does not contain any provision for shapes which are not "structural shapes" until they are advanced beyond "hammering, rolling or casting."

The Customs Court correctly found on the evidence before it that:

* * * until steel in tubular form is welded, it lacks the essential characteristics of structural shapes. It does not have the capacity, required of such articles, to sustain loads or withstand tensions. The tendency of such steel to distort under pressures demonstrates that it could not be used in the formation of structures.

The record amply supports and we agree with the statement in the opinion below that:

The process which makes tubular steel into structural shapes is the formation of the continuous wall, which is accomplished by welding. If prior to welding a section of tubular steel is not a structural shape, but it becomes such only after welding, it can not be said that welding is an assembling, manufacturing, or advancement within the contemplation of the statute. No step in the creation of an article is at the same time an advancement of the article.

Prior adjudications of paragraph 312 have held that tubes may be structural shapes. In *United States* v. *The Winkler-Koch Engineering Co.*, 41 CCPA 121, C.A.D. 540, seamless tubes made by a hot-rolling process were held to be "structural shapes," advanced, when used as oil well casings. The tubes after the hot-rolling manufacturing process and before any additional steps were taken possessed

load carrying properties which this court found justified their classification as structural shapes under paragraph 312 as modified. As such, the tubes in *Winkler-Koch* met all the requirements for structural shapes contained in paragraph 312 as interpreted by this court in *United States* v. *Julius Blum & Co., Inc.*, 26 CCPA 168, C.A.D. 12; *United States* v. *Henry L. Exstein Co., Inc.*, 16 Ct. Cust Appls. 328, T.D. 43079; *Judson Freight Forwarding Co.* v. *United States*, 20 CCPA 229, T.D. 46038; *Otis McAllister & Co.* v. *United States*, 27 CCPA 4, C.A.D. 52.

In *United States* v. *The Winkler-Koch Engineering Co.*, *supra*, this court reviewed many of the prior cases which interpreted the pertinent statutory provisions relating to "structural shapes" and deduced from the decided cases some of the characteristics which an article must possess in order to be properly classifiable as a structural shape. There it found the tubes were used as parts to form an oil well casing which must resist great external pressure and protect the bored hole against destruction by forces "of as great weight as that part of a building which rests upon a beam, girder, joist or angle."

As distinguished from the tubes before the court in *Winkler-Koch*, the tubes here in issue are not structural shapes until processing beyond "rolling, hammering or casting" has been completed. ■ We think Congress intended to limit paragraph 312, as modified, to structural shapes which are structural shapes produced by "rolling, hammering or casting." Unless such a literal interpretation is placed upon this language, the distinction therein between "advanced" and "not advanced" structural shapes becomes meaningless. Failure to so read this paragraph was the reason for the dilemma considered by the court below. No step required for the creation of a structural shape under paragraph 312 as modified can, at the same time, be an advancement of a structural shape under the same paragraph.

Tubes which when rolled, possessed the physical properties required to qualify them as structural shapes, were classified as structural shapes under paragraph 312 as modified in *Winkler-Koch*. As such shapes they could then be further advanced. This, however, is not the case here. Paragraph 312 as modified does not refer to welding. In view of the failure to mention welding it is not clear that Congress intended tubes to be included therein unless they possessed the properties of structural shapes when rolled, hammered or cast. In view of the clear *eo nomine* provision in paragraph 328,[3] for such tubes, we think they were properly classified under this paragraph.

We therefore *reverse* the decision of the Customs Court.

---

[3] The holding of the Customs Court that such tubes are "structural shapes, not advanced beyond rolling * * * as provided in paragraph 328 [sic] of the Tariff Act of 1930, as modified," is obviously intended to refer to paragraph 312 and has been so treated for purposes of this opinion.